2020V01023/SD/ms
CRAIG CARPENITO
United States Attorney
District of New Jersey
By: SARAH A. DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel:  (973) 645-2740
sarah.devlin3@usdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Hon.** |
| v. | : | **Civil Action No. 20-** |
| **$37,900.00 IN UNITED STATES CURRENCY,** | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| | : | |
| **Defendant *in rem*.** | | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, (by Sarah Devlin, Assistant United States Attorney), brings this Verified Complaint (the "Complaint") and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America: $37,900.00 in United States currency, pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture all moneys, negotiable instruments, securities, or other things of value furnished or intended to be

furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 801, *et seq.*

## THE DEFENDANT IN REM

2. The defendant property consists of $37,900.00 in United States currency (the "Defendant Property"), which the United States Drug Enforcement Administration ("DEA") seized from Kareem Smith ("Smith"), on or about April 29, 2020, in Terminal C at Newark Liberty International Airport in Newark, New Jersey. The Defendant Property is currently in the custody of the United States.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(a), because the Defendant Property was seized and is located in the District of New Jersey.

5. Upon the filing of this Verified Complaint for Forfeiture *In Rem,* the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem,* pursuant to Supplemental Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil

Procedure (the "Supplemental Rules"), which the plaintiff will execute upon the Defendant Property, pursuant to 28 U.S.C. § 1355(d) and Rule G(3)(c) of the Supplemental Rules.

## BASIS FOR FORFEITURE

6.  The Defendant Property is subject to forfeiture (1) pursuant to 21 U.S.C. § 881(a)(6), which subjects to forfeiture to the United States all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 801, *et. seq.*, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any exchange in violation of 21 U.S.C. §§ 801, *et. seq.*.

## FACTS

7.  Narcotics traffickers and drug money couriers commonly transport large amounts of currency from Newark Liberty International Airport ("Newark Airport") to San Francisco, either on their person or in their carry-on or checked luggage.

8.  In recent years, DEA task forces assigned to Newark Airport have made numerous seizures of narcotics-related currency from individuals flying from Newark Airport to San Francisco, California.

9.  On or about April 29, 2020, at approximately 7:30 a.m., members of DEA New Jersey Division Task Force 3 assigned to Newark Airport (hereinafter, "DEA officers" and "officers") were monitoring passengers

scheduled to board United Airlines flight #497, to San Francisco, at Gate 90 of Terminal C.  The flight was scheduled to depart at approximately 8:25 a.m.

10. DEA officers approached a male in the jetway, later identified as Kareem J. Smith (hereinafter "Smith").  The officers identified themselves as law enforcement to Smith, who agreed to speak with them regarding his trip.  A DEA officer engaged Smith in casual conversation during which time the officer asked to see Smith's boarding pass and identification. Smith presented his boarding pass and New Jersey driver's license.  Smith's driver's license and boarding pass were inspected and promptly returned to him.

11. The DEA officers advised Smith that they conduct random passenger screenings at the airport and asked whether Smith was in possession of any weapons or illegal substances to which Smith replied no. DEA officers observed a large bulge in a pocket of Smith's jacket and asked Smith whether he was carrying any United States currency.  Smith stated he was carrying about $8,000, and retrieved a large amount of United States currency wrapped in rubber bands from his jacket.

12. The DEA Officers then asked Smith if that was all of the money he had and he responded, "yes, just the $8,000."  When officers asked Smith if he had any other money in his carry-on bags, Smith stated "no."  Smith further stated he did not have any checked bags.

13. Officers asked Smith for permission to search his carry-on bags. Smith  verbally consented to a search and handed his two bags to the officers. Upon opening the first bag, a backpack, officers noticed an odor of marijuana

coming from the bag and asked Smith if he smoked marijuana. Smith confirmed that he did. Smith added that he had a medical marijuana card. Smith went on to state that he smoked marijuana that morning.

14. When officers asked Smith whether he had any other currency in his bags, Smith told the officers that he did not have any other currency in his baggage. At that point an officer opened the second bag, a black Puma duffle bag, and discovered several envelopes of United States currency inside the bag., The currency was contained within banking envelopes. The currency was wrapped in clothing throughout the bag. The officers then asked Smith why he did not tell the officers that he was carrying more money in the bag. Smith responded that he forgot. Smith was asked again how much money he was carrying. Smith replied that he was carrying "probably around $10,000." An officer told Smith that it looked like he had a lot more money than $10,000. Smith responded that he was probably carrying approximately $40,000. Smith stated that he planned to use the currency to buy sneakers in California.

15. Smith told the officers that he sells sneakers and is a professional gambler. In response to a question about which casino games he plays Smith responded "games" and further stated that he owns a business named Smith Sneakers. Smith presented several documents to the officers, to include: (1) a $1,000 check that was cashed at Wells Fargo on March 25, 2020; (2) a $1,000 check that was cashed at Wells Fargo on April 27, 2020; (3) a document reflecting that $4,700 in currency made up of small-denomination bills was converted to larger denomination bills at Wells Fargo on April 28, 2020; (4) a

deposit slip reflecting a $500 cash deposit at PNC Bank on April 27, 2020; and (5) a deposit slip reflecting a $500 cash deposit at PNC Bank on April 28, 2020.

16. Smith told the officers that he claimed over $700,000 on his income taxes for the year 2019. Smith could not produce any documents supporting his claim.

17. While Smith initially told the officers that all of the currency belonged to him, he later stated that $5,000 of the currency belonged to his child's mother, Christie L. Nann. Smith provided the officers with a cell phone number for Nann. According to Smith, the $5,000 contributed by Nann would be used to purchase sneakers in California as well.

18. Smith further stated that he did not have a return flight booked, because he did not know how long he would be staying California. He told the officers that he would be staying with his girlfriend, Brittany, in Hercules, California, but he could not provide an address or any further information regarding Brittany.

19. Based on Smith's inconsistent statements regarding the currency, the odor emanating from the currency, and the fact that the currency was being transported on an outbound flight to San Francisco, DEA officers advised Smith that the United States currency was being seized as proceeds of drug distribution.

20. The officers sealed the Defendant Property in a DEA evidence bag in Smith's presence, and asked Smith to sign the bag indicating that the currency was seized, and the bag was sealed in his presence. Smith was also

given a receipt for the currency.  Smith did not board the flight, and was observed walking away from the gate, into Terminal C.

21.    At approximately 8:55 a.m., an officer with the Hudson County Sheriff's Office deployed his certified narcotics detection canine "Nico" at the Airport to inspect the currency seized from Smith's person and his carry-on luggage.  Nico signaled, through a distinctive set of behaviors, that he detected the presence of a controlled dangerous substance on the Defendant Property.

22.    Nico was certified in narcotics detection on January 2015 in a Bergen County scent class. The course of study for narcotics detection introduced Nico to various target odors.  Such target odors included the odors of marijuana, cocaine, heroin, ecstasy, and methamphetamine.  Nico proved to be reliable in locating the target odors as a result of the intense training he received. During the course of this training, Nico and his handler, Officer Bart Lore, performed more than 275 searches for the above-listed substances.  Nico displayed a positive indication for the target odors during these searches, either by scratching or sitting at the source of the narcotics odor. Masking agents such as dog food, liquid soap, bacon, saran wrap, parmesan cheese, coffee, duct tape, oil, and car scents, which are commonly used by narcotics traffickers, were used to distract Nico. The masking agents did not inhibit Nico from either locating the narcotics odor or from exhibiting a positive indication. Subsequently, Nico was trained to detect the odor of a controlled dangerous substance on currency. Among other things, Nico was trained to distinguish between uncirculated currency and currency that was recently commingled

with one of the five controlled substances Nico is trained to detect.

23. Since his certification in 2015, Nico has continued weekly narcotic detection training, and completed recertification evaluations on a quarterly basis, up to and including with the New Jersey State Police on October 23, 2019.

24. Employment records obtained from the New Jersey Department of Labor indicate no reported income for Smith from 2004 through December 9, 2020.

25. Further investigation by DEA has revealed that Smith has been arrested multiple times in the State of New Jersey from 2010 through the present. Smith has been charged with over 15 drug offenses during this time period. On May 8, 2019, Smith was indicted for possession of marijuana, possession and distribution of cocaine and for maintaining a Controlled Dangerous Substance production facility. Smith's case is pending in Middlesex County Superior Court.

26. According to flight records, between February 15, 2018 and April 29, 2020, Smith travelled to San Francisco 25 times. The average duration of Smith's stays in San Francisco was approximately three days.

27. On May 14, 2020, United States Chief District Judge Freda L. Wolfson signed a standing order extending the time established by 18 U.S.C. § 983(a)(1)(A)(i) for the seizing agency to commence administrative forfeiture proceedings as to all seizures occurring in the District of New Jersey between

March 15, 2020 and May 31, 2020 for a period of 60 days, or until August 27, 2020 in this matter.

28. The DEA initiated administrative forfeiture proceedings against the Defendant Property within the time permitted by the standing order. On or about September 16, 2020, Smith, through counsel, filed a Certification of Claim Form with DEA stating that the $37,900 was lawfully obtained, owned and possessed by Smith.

## CLAIMS FOR FORFEITURE

## COUNT 1

29. The allegations contained in paragraphs 1 through 29 of this Complaint are incorporated herein and made part hereof.

30. Based on the facts set forth above, there is probable cause to believe that the Defendant Property was furnished or was intended to be furnished in exchange for a controlled substance or represents proceeds traceable to such an exchange or was used or intended to be used to facilitate any violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*, and is therefore forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6).

## REQUEST FOR RELIEF

WHEREFORE, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the Defendant Property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the Defendant Property, pursuant to 28

U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimants to the Defendant Property; that the Defendant Property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems just and proper.

Dated:  Newark, New Jersey
        December 16, 2020

                              CRAIG CARPENITO
                              United States Attorney

                              *s/Sarah A. Devlin*
                              By:  SARAH A. DEVLIN
                              Assistant United States Attorney

## **VERIFICATION**

STATE OF NEW JERSEY       )
COUNTY OF ESSEX           ) ss.:
DISTRICT OF NEW JERSEY    )

I, Alexis Melendez, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of the United States; information obtained directly by me; and information supplied to me from and by other law enforcement officials, during an investigation of alleged violations of Title 21 of the United States Code.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this  15   day of December, 2020.

*Alexis M. Melendez*
_____
Alexis Melendez, Task Force Officer
Drug Enforcement Administration

2020V01023/SD/ms
CRAIG CARPENITO
United States Attorney
District of New Jersey
By: SARAH A. DEVLIN
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2740
sarah.devlin3@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Hon.** |
| **v.** | **:** | **Civil Action No. 20-** |
| **$37,900.00 IN UNITED STATES CURRENCY,** | **:** | WARRANT FOR ARREST *IN REM* |
| | **:** | |
| **Defendant *in rem.*** | | |

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE U.S. DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on December 15, 2020, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $37,900.00 in United States currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be: an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____          _____
                                Clerk of the Court


                        By:    _____
                                Deputy Clerk

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$37,900.00 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sarah Devlin, Assistant U.S. Attorney - (973) 645-2740, United States Attorney's Office, 970 Broad St., Suite 700, Newark, New Jersey 07102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [X] 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:
Violation of 21 U.S.C. §§ 801, et. seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____